IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON, | No. 81837-6-I |
| Respondent, | |
| v. | ORDER DENYING MOTION FOR RECONSIDERATION, WITHDRAWING OPINION, AND SUBSTITUTING OPINION |
| JORDEN D. KNIGHT, | |
| Appellant. | |

Appellant Jorden Knight filed a motion for reconsideration of the opinion filed on November 9, 2020. The respondent State of Washington filed a response. The court has determined that the motion should be denied. However, the opinion should be withdrawn, and a substitute opinion filed. Now, therefore, it is hereby

ORDERED that the motion for reconsideration is denied; and it is further

ORDERED that the opinion filed on November 9, 2020, is withdrawn; and it is further

ORDERED that a substitute opinion shall be filed.

_____
Judge Pro Tempore

_____         _____
Andrus, A.C.J.                                              Mann, C.J.

IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　　　Respondent,<br><br>　　v.<br><br>JORDEN D. KNIGHT,<br><br>　　　　　　　Appellant. | No. 81837-6-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

LEACH, J. — Jorden David Knight appeals his convictions for five counts of first degree possession of depictions of a minor engaged in sexually explicit conduct. Knight argues Vancouver police conducted an unlawful warrantless search of the Dropbox files it received from the National Center for Missing and Exploited Children. We disagree and affirm. Knight also argues, and the State concedes, the trial court should not have imposed conditions of community custody prohibiting him from entering into certain romantic relationships and requiring him to submit to urine and breath testing for alcohol. We agree and remand to strike those conditions from the judgment and sentence.

BACKGROUND

On March 23, 2016, Dropbox, Inc. informed the National Center for Missing and Exploited Children (NCMEC) that Jorden Knight was using its digital storage

Citations and pin cites are based on the Westlaw online version of the cited material.

service to "posses[], manufacture, and distribut[e]" files depicting minors engaged in sexually explicit activity by filing CyberTipline Report 9052622.

Dropbox is a digital cloud storage and file sharing company. Its users upload and store files in their Dropbox accounts. "A Dropbox user who creates a shared link for a file can then share that file with others by distributing the URL for the shared link. Any member of the public who clicks on that link or who otherwise accesses the shared link's URL can view the associated file without logging into a Dropbox account." "Shared links for files uploaded to Dropbox are not accessible through search engines unless the user posts the link on a page that is otherwise accessible through search engines." "When Dropbox indicates in a CyberTipline report that a file was 'Publicly Available,' Dropbox is referring to the fact that a shared link was created for that file."

The CyberTipline report included 322 files from Knight's Dropbox account. Dropbox indicated that most of the files were "Publicly Available."

When Dropbox discovers files depicting minors engaged in sexually explicit activity, its content safety team reviews the files to determine whether they violate their Terms of Service and Acceptable Use Policy[1] and meets the definition of child pornography under 18 U.S.C. § 2256. If Dropbox determines the files qualify as

---

[1] Dropbox's privacy policy states, we may disclose to parties outside Dropbox files stored in your Dropbox and information about you that we collect when we have a good faith belief that disclosure is reasonably necessary to (a) comply with a law, regulation or compulsory legal request; (b) protect the safety of any person from death or serious bodily injury; (c) prevent fraud or abuse of Dropbox or its users; or (d) to protect Dropbox's property rights.

apparent child pornography, it creates a "CyberTipline" report and sends it to NCMEC.

NCMEC determined Knight lived in Vancouver, Washington. It sent a "cybertip," including files and data, to the Internet Crimes Against Children (ICAC) task force in Seattle. ICAC assigned the tip to the Vancouver Police Digital Evidence Cybercrime Unit (DECU). Without a warrant, DECU Detective Robert Givens accessed the 322 files and reviewed three of them in detail. The files contained child pornography. Based on these files, Vancouver police obtained warrants to search Knight's Comcast, Dropbox, and Google accounts. Police obtained a warrant to place a GPS tracking device on Knight's teal 1995 Ford Escort. Police also obtained a warrant to search Knight's home, car, and any devices and data found for evidence of the crime.

On March 15, 2017, while Knight was home police executed the search warrant for Knight's home and car. Police knocked on Knight's door and announced they were the police and had a search warrant. Five minutes after police entered Knight's home, he walked upstairs from the basement and met the police. Police seized Knight's cell phone, two laptop computers, and two thumb drives. Police arrested Knight.

DECU Investigator Christopher Prothero conducted a forensic analysis of Knight's cell phone. Knight's name, email addresses, and Dropbox account were associated with the phone. Investigator Prothero recovered pornographic images and videos of minors that had been deleted from the phone. He also recovered

3

numerous conversations in a social media application called Kik. Investigator Prothero discovered Kik was downloaded to the phone using Knight's email address. He recovered deleted Kik conversations where Knight exchanged child pornography files and Dropbox links to files with pornographic names with other Kik users. One message Knight sent stated, "I told you LOL I have three hundred plus Dropbox vids of boys and girls and can even take lives of me but you have to offer something good to get." In another message he stated, "Have tons of Dropbox links and vids like this, just making sure you have them too. Boys, girls, mi." Investigator Prothero compared the files on the phone to the Dropbox files provided by NCMEC and found that none of the files were the same.

The State charged Knight with five counts of possession of depictions of a minor engaged in sexually explicit activity in the first degree under RCW 9.68A.070(1).

Knight asked the trial court to suppress evidence obtained from Comcast, Dropbox, Google, GPS, and his home, car, and cell phone. Knight also requested the court exclude the Kik messages. The court granted his GPS request, denied his other requests, and admitted the evidence seized at Knight's home. Knight also asked the court to dismiss the case. The court denied the request.

On May 15, 2019, the trial court convicted Knight on all five counts of possession of depictions of a minor engaged in sexually explicit conduct in the first degree. The standard sentencing range was between 77 and 102 months. The court imposed a sentence of 77 months. The court also imposed a number of

community custody conditions. These included conditions prohibiting Knight from possessing or consuming alcohol and entering into "a romantic relationship with another person who has minor children in their care or custody."

Knight appeals.

ANALYSIS

File Search

Knight asserts Vancouver police conducted an illegal warrantless search when it reviewed three of the Dropbox files it obtained from NCMEC. The State argues Knight waived this claim by not raising it at trial.

Generally, an appellate court will not review issues raised for the first time on appeal.[2] A recognized exception to this rule allows review if the appellant shows a "manifest error affecting a constitutional right."[3]

To establish a manifest constitutional error, the appellant must identify a constitutional error and make a showing the error likely prejudiced their rights at trial.[4] "It is this showing of actual prejudice that makes the error 'manifest,' allowing appellate review."[5] "Thus, a court previews the merits of the constitutional argument first raised on appeal to determine if it is likely to succeed."[6]

Knight argues Vancouver police violated article I, section 7 of the Washington State Constitution by searching three Dropbox files without a warrant

---

[2] RAP 2.5(a).

[3] RAP 2.5(a)(3).

[4] State v. Kirkman, 159 Wn.2d 918, 926-27, 155 P.3d 125 (2007).

[5] Kirkman, 159 Wn.2d at 927 (citing State v. McFarland, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995)).

[6] State v. Reeder, 181 Wn. App. 897, 912, 330 P.3d 786 (2014).

and that no exception to the warrant requirement applies. Article I, section 7 provides, "No person shall be disturbed in his private affairs, or his home invaded, without authority of law." "This provision prohibits the State from unreasonably intruding on a person's private affairs and places a greater emphasis on the right to privacy than the Fourth Amendment to the United States Constitution does."[7] "Generally, officers of the State must obtain a warrant before intruding into the private affairs of others, and we presume that warrantless searches violate both [Washington State and United States] constitutions."[8] The State bears the burden of overcoming this presumption and demonstrating the warrantless search fell under a narrow exception to the warrant requirement.[9]

The State argues Vancouver police did not need a warrant to review the three Dropbox files it received because Knight did not have a reasonable expectation to privacy when he previously created sharable Dropbox links. Washington courts do not extend article I, section 7 protections to information voluntarily held out to the public.[10] "[W]hat is voluntarily exposed to the general public and observable without the use of enhancement devices from an unprotected area is not considered part of a person's private affairs."[11]

---

[7] Reeder, 181 Wn.2d at 912 (citing State v. Young, 123 Wn.2d 173, 179, 867 P.2d 593 (1994) (citing State v, Stroud, 106 Wn.2d 144, 148, 720 P.2d 436 (1986); State v. Simpson, 95 Wn.2d 170, 178, 622 P.2d 1199 (1980); State v. Chacon Arreola, 176 Wn.2d 284, 291, 290 P.3d 983 (2012)).

[8] State v. Villela, 194 Wn.2d 451, 456, 450 P.3d 170 (2019) (quoting State v. Day, 161 Wn.2d 889, 893, 168 P.3d 1265 (2007)).

[9] Villela, 194 Wn.2d at 458.

[10] State v. Peppin, 186 Wn. App. 901, 910, 347 P.3d 906 (2015).

[11] Peppin, 186 Wn. App. at 910 (quoting State v. Young, 123 Wn.2d 173, 182, 867 P.2d 593 (1994)).

In State v. Peppin,[12] police used file sharing software to access three digital files depicting child pornography that Peppin shared.[13]  Peppin was convicted of first degree possession of depictions of a minor engaged in sexually explicit conduct.[14]  On appeal, Peppin argued he had a reasonable expectation to privacy in his computer files and police violated his Washington State Constitution article I, section 7 and Fourth Amendment rights.[15]  We determined Peppin did not have a constitutionally protected right to privacy in the files because he shared them with the public.[16]

Here, Dropbox's CyberTipline Report informed NCMEC that Knight made most of the files in the report "Publicly Available."  In other words, Knight created sharable links to his Dropbox files.  We infer Knight created the shareable links for distribution and he distributed those links.  So, he did not have a reasonable expectation of privacy in the Dropbox files.  And, because Knight did not have a reasonable expectation of privacy, Vancouver police did not conduct an unlawful warrantless search when they viewed the three Dropbox files.  The State has met its burden of demonstrating the warrantless search fell under a narrow exception to the warrant requirement.

The State also argues that even if the exception to the warrant requirement does not apply, the private search doctrine applies to NCME and the silver platter

---

[12] 186 Wn. App. 901, 347 P.3d 906 (2015).
[13] Peppin, 186 Wn. App. at 903-06.
[14] Peppin, 186 Wn. App. at 903.
[15] Peppin, 186 Wn. App. at 903.
[16] Peppin, 186 Wn. App. at 910.

doctrine applies to police, so police legally viewed the files and the files were properly admitted at trial. We agree.

"Under the private search doctrine a warrantless search by a state actor does not offend the Fourth Amendment if the search does not expand the scope of the private search."[17] "Underlying this doctrine is the rationale that an individual's reasonable expectation of privacy is destroyed when the private actor conducts his search."[18] The private search doctrine does not apply in Washington.[19] But, the silver platter doctrine provides that "evidence lawfully obtained under the laws of another jurisdiction is admissible in Washington courts even if the evidence was obtained in a manner that would violate Washington law."[20]

Here, Dropbox, a private entity, conducted a search of Knight's Dropbox files. Dropbox's privacy policy permits it to conduct searches of its users' files. Under the private search doctrine, Dropbox's search destroyed Knight's reasonable expectation of privacy. NCMEC, a federal government agency not governed by article I, section 7 received and reviewed the files Dropbox sent. NCMEC's review did not expand the scope of the Dropbox's search. So, under the private search doctrine, NCMEC's review of the three files was lawful.

---

[17] State v. Eisefeldt, 163 Wn.2d 628, 636, 185 P.3d 580 (2008).
[18] Eisefeldt, 163 Wn.2d at 636 (citing United States v. Jacobsen, 466 U.S. 109, 119, 104 S. Ct. 1652, 80 L. Ed. 2d 85 (1984)).
[19] Eisefeldt, 163 Wn.2d at 636.
[20] State v. Martinez, 2 Wn. App. 2d 55, 64, 408 P.3d 721 (2018).

8

Because NCMEC sent the files to Vancouver police for review, the silver platter doctrine applies. "Evidence is admissible under this doctrine when (1) the foreign jurisdiction lawfully obtained evidence and (2) the forum state's officers did not act as agents or cooperate or assist the foreign jurisdiction."[21] The trial court found NCMEC lawfully obtained the Dropbox files from Dropbox and that the Vancouver police did not act as NCMEC's agent or cooperate or assist in obtaining the Dropbox files. Knight does not contend the contrary on appeal. Instead, he contends NCMEC is not a law enforcement agency of a foreign jurisdiction covered by the silver platter doctrine. We disagree. NCMEC has broad federal law enforcement powers under two primary statutes 18 U.S.C. § 2258 and 34 U.S.C. § 11293. NCMEC is statutorily obligated to operate the official national clearinghouse for information about missing and exploited children to help law enforcement locate and recover those children, to track and identify patterns of attempted child abductions, and to operate the CyberTipline as a means of combating Internet child sexual exploitation.[22] It must maintain the electronic tip line for Internet Service Providers (ISPs) to use to report possible Internet child sexual exploitations to the government and must forward every single report it receives to federal law enforcement agencies.[23] The argument that NCMEC is not an arm of federal law enforcement is without merit.

---

[21] Martinez, 2 Wn. App. 2d at 64.
[22] 34 U.S.C. § 11293.
[23] 18 U.S.C. § 2258.

So, Vancouver police lawfully reviewed the three files and obtained warrants before conducting additional searches. Because Vancouver police did not conduct an unconstitutional warrantless search of the Dropbox files, the trial court properly admitted those files and derivative evidence.

After previewing the merits of Knight's constitutional argument and the State's response, we determine Knight cannot demonstrate a manifest error affecting a constitutional right. We affirm.

Because Knight cannot show any unlawful search, we need not reach the State's contraband, term of use, and independent source arguments supporting its position.

Community Custody Conditions

Knight appeals the following community custody conditions.

4. You shall refrain from possessing or consuming alcohol without prior approval from DOC and all treatment providers. RCW 9.94A.703(3)(e).

5. You shall submit to urine, breath, PBT/BAC, or other monitoring whenever requested to do so by your community corrections officer to monitor compliance with abstention from alcohol and non-prescribed controlled substances.
[. . . ]

11. You shall not enter into a romantic relationship with another person who has minor children in their care or custody without prior approval of DOC and your sexual deviancy treatment provider.

The State concedes the trial court's imposition of community custody conditions prohibiting Knight from entering into certain romantic relationships and

requiring Knight submit to urine and breath testing for alcohol were in error. We accept the concessions and remand to strike those conditions.

Statement of Additional Grounds

Knight claims two errors in his pro se statement of additional grounds. A defendant may file a pro se statement of additional grounds for review to identify and discuss those matters the defendant believes have not been adequately addressed by counsel.[24] "Reference to the record and citation to authorities are not necessary or required, but the appellate court will not consider a defendant's statement of additional grounds for review if it does not inform the court of the nature and occurrence of alleged errors."[25] And, we are not obligated to search the record for support of claims made in a defendant's statement of additional grounds for review.[26]

First, Knight argues the trial court unfairly imposed an excessive sentence. RCW 9.94A.585 allows a defendant sentenced to an exceptional sentence to challenge it as excessive but prohibits a defendant from appealing a sentence within the standard range. The standard sentence range here was 77 to 102 months. And, the trial court imposed the low end of the range at 77 months. So, Knight cannot appeal this sentence.

Second, Knight challenges RCW 9.68A.070 claiming it authorizes courts to impose excessive and unlawful punishment. We presume the statute

---

[24] RAP 10.10(a).
[25] RAP 10.10(c).
[26] RAP 10.10(c).

constitutional, and the burden is on Knight to prove otherwise.[27]   Knight has presented no persuasive argument that the statute is unconstitutional, so this claim fails.

## CONCLUSION

Because the police lawfully reviewed the Dropbox files before obtaining search warrants, we affirm Knight's convictions for possession of depictions of a minor engaged in sexually explicit conduct in the first degree.  We remand to the trial court to strike the conditions of community custody prohibiting Knight from entering into certain "romantic relationships" and requiring Knight to submit to urine and breath testing for alcohol.

_____Leach, J._____
Judge Pro Tempore

WE CONCUR:

_Andrus, A.C.J._     _Mann, C.J._

---

[27] State v. McCuistion, 174 Wn.2d 369, 387, 275 P.3d 1092 (2012).